### COMMONWEALTH vs. THOMAS MASON.

Bristol.　October 27. — 28, 1874.　COLT & AMES, JJ., absent,

A complaint on the St. of 1869, c. 415, charged the keeping of intoxicating liquors on a day certain with the intent to sell the same in violation of law. The evidence for the government related to certain acts of the defendant in a saloon and that intoxicating liquors were kept there on the day named in the complaint. The defendant testified that he had sold out his interest in the business prior to said day, and had had nothing to do with it since. The government then introduced evidence of the defendant's selling liquor in the saloon on a day subsequent to that alleged, for the sole purpose of affecting the credibility of the defendant as a witness. *Held*, that the evidence was rightly admitted for this purpose.

COMPLAINT on the St. of 1869, c. 415, charging the defendant with the keeping of intoxicating liquors on April 17, 1874, with intent to sell the same in violation of law.

At the trial in the Superior Court, before *Putnam*, J., the government put in the testimony of two state constables, as to certain acts of the defendant in a saloon, and that intoxicating liquor was found there on said day. The defendant testified for himself, that in March, 1874, he sold out the liquor business in that saloon to his brother, and had had no connection with it since that date, and nothing to do with the bar room since that time.

The government thereupon recalled the state constables, who testified, the defendant objecting, that they visited the place again on May 16, 1874, and on that occasion found some lager bier there, which the defendant was delivering to some customers.

The court instructed the jury that they might consider the evidence of the officers, as to what occurred on May 16, only as contradicting the defendant and as bearing on his credibility, but not to consider it as having any tendency to show that he kept liquors for illegal sale on April 17. The jury returned a verdict of guilty, and the defendant alleged exceptions.

*H. J. Fuller*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.

BY THE COURT. The evidence admitted tended directly to contradict the defendant's testimony that he had had no connection with the business since March, 1874, and thus to affect his credibility as a witness, and was admitted for that purpose only.

*Exceptions overruled.*