**LANDFIELD et al. v. UNITED STATES.**

(Circuit Court of Appeals, Ninth Circuit. December 14, 1925.)

No. 4575.

1. **Intoxicating liquors ☞236(6½)—Evidence held to warrant conviction for possession of manager of tavern, but insufficient as to employé.**

Evidence *held* sufficient to warrant conviction for possession of intoxicating liquor of manager of tavern, but insufficient as to tavern employé.

2. **Indictment and information ☞176—Conviction of maintaining nuisance on evidence of sale after date of verification of information cannot be sustained.**

Conviction of maintaining nuisance, on evidence of sale of intoxicating liquor after date of verification of information, could not be sustained.

3. **Criminal law ☞1169(1)—Admission of evidence of sale of intoxicating liquor after date of verification of information held not prejudicial.**

Where there was ample evidence to sustain conviction of violating National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), admission of evidence of sale subsequent to date of verification of information *held* not prejudicial.

4. **Criminal law ☞472—Permitting testimony as to contents of bottles by qualified witnesses held proper.**

Permitting witnesses to testify that bottles seized in raid contained Scotch and other liquors *held* proper, where witnesses appeared qualified to express opinion.

5. **Criminal law ☞1166½(12)—Court's questioning of accused as to whether all testimony of government's witnesses was false held not prejudicial.**

Court's questioning of accused as to whether all testimony of government's witnesses was false *held* not prejudicial, where falsity of such witnesses' testimony necessarily followed, if accused's testimony were true.

In Error to the District Court of the United States for the Northern Division of the Southern District of California; Benjamin F. Bledsoe, Judge.

Herman Landfield and J. W. Oliver were convicted of possessing intoxicating liquors, and of maintaining a nuisance, in violation of the National Prohibition Act, and defendant Landfield was convicted of selling liquor, and they bring error. Reversed and remanded as to defendant Oliver; affirmed as to defendant Landfield.

Warren L. Williams and Seymour S. Silverton, both of Los Angeles, Cal., for plaintiffs in error.

Samuel W. McNabb, U. S. Atty., and J.

Edwin Simpson and Donald Armstrong, Asst. U. S. Attys., all of Los Angeles, Cal.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge. Landfield and Oliver were jointly charged with violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). Landfield was convicted under a count charging sale of liquor on July 28, 1924. Oliver was acquitted of that charge. Both were convicted under a count charging possession on or about August 29th, and under a count charging maintenance of a nuisance on or about that date in 1924. The assignments present the question of the sufficiency of the evidence to sustain the verdict.

[1] There was testimony by the prosecution that about July 28th a prohibition agent and his wife went to the tavern, of which Landfield was manager, and asked for gin fizzes; that Landfield said, "I don't serve any mixed-up drinks or straight drinks at the table, but I will get you the makings;" that he went across the dance floor, and shortly afterwards beckoned to the witness, and took him into a room where, after introducing him to Ellis, an employé, Ellis handed witness some gin, saying, "Here is the gin; this is the way we serve it;" that witness paid Ellis in the presence of Landfield; that about July 30th another prohibition agent was introduced to Landfield and Ellis at the tavern; that Oliver was in the place, and served him soft drinks; that the employé, Ellis, called the witness over to a room off the dance floor, and delivered a bottle of Scotch whisky to witness, who paid him for it; that about August 28, 1924, a raid was made on the place, and liquor was found therein; that Landfield and Oliver were then and there arrested; that in October, 1924 (which was after the dates named in the information, and after September 30th, when the information was verified), prohibition agents made another visit to the place, and in the presence of one Murphy, then proprietor, purchased liquor from Oliver, an employé.

Landfield in his own behalf denied any participation in sales, or knowledge thereof, and said that in September he had severed his connection with the place. As against Landfield, the evidence of the occurrences prior to September 30th, the day of the verification of the information, was clearly sufficient; but as against Oliver, an employé, the evidence of possession on or about August 29th (the only count under which he was convicted of possession) is not sufficient. The district attorney says in his brief: "It is not seriously contended by the government that the evidence was such as to convict Oliver of possession." We therefore reverse the judgment against Oliver on that count. [2] However, as Oliver was also convicted with Landfield of having maintained a nuisance on August 29th, we have considered that branch of the case, and our conclusion is that, as the only evidence that disclosed his participation in maintaining a nuisance was that while an employé he sold liquor at the place to a prohibition agent in October, subsequent to the date of the verification of the information, his conviction cannot stand. [3] As to Landfield, although the testimony of the October incident was not admissible against him as part of the direct case of the government (Commonwealth v. Finnerty, 148 Mass. 162, 19 N. E. 215; Commonwealth v. Mason, 116 Mass. 66), nevertheless, as he admitted that he conducted the tavern in July and August, and as there was ample evidence to support the verdict that with his knowledge and consent liquor was sold and bartered in the place during those months, the October sale cannot well be said to have prejudiced his rights.
[4] Rulings permitting witnesses to testify that the contents of bottles seized in the tavern were Scotch or other kind of liquor were proper. Smith v. United States (C. C. A.) 2 F.(2d) 717. The witnesses upon the point appeared to be qualified to express their opinions.
[5] After Landfield denied that he had possessed or sold liquor as charged, he was asked by the court whether all the statements made by the witnesses that they bought liquor at his place were false. He replied, "Absolutely, your honor." The court then said: "They have just come here and told a deliberate falsehood?" Witness answered, "Yes, sir." The questions were but statements of indisputable conclusions from Landfield's own testimony. The form in which they were put could not have prejudiced him.

Error is based upon certain of the instructions. It is not necessary to quote them. Examination of the charge as a whole satisfies us that it was fair in stating the issues, the presumption of innocence, and the measure of proof required to justify conviction.

The judgment against Oliver is reversed, and the cause is remanded for a new trial.

The judgment against Landfield is affirmed.