## CORNES v. UNITED STATES.
### No. 9509.

Circuit Court of Appeals, Ninth Circuit.
April 11, 1941.

Geo. T. Wilson, of Phoenix, Ariz., and F. Eldred Boland, of San Francisco, Cal., for appellant.

Frank E. Flynn, U. S. Atty., of Phoenix, Ariz., and K. Berry Peterson, of Tucson, Ariz., and C. A. Edwards, of Phoenix, Ariz., Asst. U. S. Attys., for appellee.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

MATHEWS, Circuit Judge.

George H. Cornes, Raymond F. Marquis, Earl Canning and others were indicted in five counts for violating § 215 of the Criminal Code, 18 U.S.C.A. § 338,[1] and in a sixth count for violating § 37 of the Criminal Code, 18 U.S.C.A. § 88.[2] Cornes was convicted and sentenced on counts 3, 4 and 6 and has appealed.

Appellant has assigned 100 alleged errors, but has urged in this court only those hereinafter discussed. The others are deemed waived.

One assignment urged by appellant is that the court below erred in overruling a demurrer to the indictment. Grounds of

---

[1] "Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises * * * shall, for the purpose of executing such scheme or artifice * * * place, or cause to be placed, any letter, postal card, package, writing, circular, pamphlet, or advertisement * * * in any post office * * * of the United States * * * to be sent or delivered by the post office establishment of the United States * * * shall be fined not more than $1,000, or imprisoned not more than five years, or both."

[2] "If two or more persons conspire * * * to commit any offense against the United States * * * and one or more of such parties do any act to effect the object of the conspiracy, each of the parties to such conspiracy shall be fined not more than $10,000, or imprisoned not more than two years, or both."

the demurrer were (1) that no count of the indictment charged any offense, (2) that each count charged more than one offense, and (3) that each count was indefinite and uncertain.

■■ Each of the first five counts alleged that appellant and his codefendants had devised a scheme for obtaining money and property by means of false representations[3] and, for the purpose of executing the scheme, had deposited a letter or pamphlet[4] in the post office at Phoenix, Arizona, to be sent and delivered by the post office establishment of the United States. Thus each of the first five counts charged an offense under § 215 of the Criminal Code, 18 U.S.C.A. § 338. Count 6 alleged that appellant and his codefendants had conspired to commit the offenses charged in the first five counts and, to effect the object of the conspiracy, had done certain acts.[5] Thus count six charged an offense under § 37 of the Criminal Code, 18 U.S.C.A. § 88.

■ Appellant contends that the first five counts were defective in failing to allege that the objects of the scheme were actually accomplished. Such an allegation was unnecessary. Lonergan v. United States, 9 Cir., 88 F.2d 591, 594.

■ Each of the first five counts charged the devising of a single scheme, not two schemes as contended by appellant. True, the scheme contemplated the commission of more than one act, but that did not convert it into two or more schemes or make either of the counts duplicitous. Greenbaum v. United States, 9 Cir., 80 F.2d 113, 116.

■ Nor is there any merit in appellant's contention that the first five counts were indefinite and uncertain. The offense charged in each count was charged with sufficient particularity (1) to apprise appellant of what he must be prepared to meet and (2) to make the judgment a bar to a second prosecution for the same offense. Nothing more was required. Lonergan v. United States, supra.

Appellant has pointed out no defect or claimed defect in count 6 except such as might have resulted from defects, if any, in the first five counts. Finding no defect in the first five counts, we hold that all six counts were valid, and that the demurrer was properly overruled.

■ Another assignment is that the court erred in overruling appellant's objections to a bill of particulars filed by appellee, the United States, and in denying appellant's motion for a further bill of particulars. These rulings were reviewable only for abuse of discretion. Shreve v. United States, 9 Cir., 103 F.2d 796, 802. No abuse is shown.

■ Other assignments are to the admission of evidence. Some of these say the court erred in admitting records[6] of State Securities Corporation (hereafter called Securities) and Union Reserve Life Insurance Company (hereafter called Union). Securities was organized by appellant and his co-conspirators in furtherance of the conspiracy charged in count 6 and was, at all pertinent times, dominated and controlled by them. In furtherance of the conspiracy, the conspirators caused Securities to acquire Union or a controlling interest therein. Thereafter, at all pertinent times, Union was dominated and controlled by the conspirators. Securities' records and those of Union after its acquisition by Securities were made and kept by, or under the direction and supervision of, one of the conspirators—Raymond F. Marquis—and were so made and kept in furtherance of the conspiracy. Hence, they were admissible against all the conspirators, including appellant. Bannon v. United States, 156 U.S. 464, 469, 15 S.Ct. 467, 39 L.Ed. 494.

---

[3] As described in count 1, the scheme was that appellant and his codefendants would organize a corporation to be known as State Securities Corporation, would acquire 50,000 shares of its capital stock, and would sell said shares and obtain payment therefor by making false representations to the purchasers thereof. The representations were set forth in count 1 as part of the description of the scheme. The description in count 1 was incorporated by reference in counts 2, 3, 4 and 5.

[4] Counts 1, 2, 4 and 5 alleged that letters were deposited, count 3 that a pamphlet was deposited. Each count described fully the letter or pamphlet to which it related.

[5] These acts were fully described in count 6.

[6] Books of account, corporate minutes, cancelled checks, check stubs, bank statements, letters, annual reports, etc.

■ One of Union's above mentioned records was a ledger covering a period, part of which was before and part of which was after the acquisition of Union by Securities. The later portion of the ledger was admissible for reasons already stated. The earlier portion was admissible under § 1 of the Act of June 20, 1936, c. 640, 28 U.S.C.A. § 695. [7]

■ Appellant complains of the admission of a summary (called a balance sheet) of Securities' assets and liabilities as of January 31, 1931. The summary was made by appellee's witness, E. P. Hair, a qualified accountant, and was properly identified. It was based on records which were properly in evidence against appellant. Hence it, too, was admissible against appellant. Wilkes v. United States, 9 Cir., 80 F.2d 285, 291.

■ Appellant contends that certain evidence which was offered in rebuttal, and was admitted, should have been excluded as not being proper rebuttal. Assuming, without deciding, that it was not proper rebuttal, it was nevertheless within the discretion of the court to admit the evidence; and that discretion, in the absence of abuse, is not reviewable. Goldsby v. United States, 160 U.S. 70, 74, 16 S.Ct. 216, 40 L.Ed. 343. No abuse is shown.

■ Another assignment is that the court erred in refusing to keep appellee's witness, King Wilson, in the jurisdiction of the court for cross-examination by appellant. The record shows that appellant was given full opportunity to cross-examine the witness and did cross-examine him. The assignment has no basis in the record.

■ Finally, appellant assigns as error the denial of his motion for a directed verdict. There is no merit in the assignment. The evidence amply warranted submission of the case to the jury and amply supports the jury's verdict.

Judgment affirmed.

---

[7] "In any court of the United States * * * any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence, or event, shall be admissible as evidence of said act, transaction, occurrence, or event, if it shall appear that it was made in the regular course of any business, and that it was the regular course of such business to make such memorandum or record at the time of such act, transaction, occurrence, or event or within a reasonable time thereafter. All other circumstances of the making of such writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight, but they shall not affect its admissibility. * * *"