## LELLES v. UNITED STATES.

### No. 9571.

Circuit Court of Appeals, Ninth Circuit.

June 7, 1941.

Rehearing Denied July 21, 1941.

Jeffrey Heiman and Heiman & Heiman, all of Seattle, Wash., for appellant.

J. Charles Dennis, U. S. Atty., and Gerald Shucklin, Asst. U. S. Atty., both of Seattle, Wash., for appellee.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

In an indictment containing eight counts appellant was charged with the offense of using the mails to defraud. 18 U.S.C.A. § 338. He was found guilty on all except count seven, which was dismissed by the court.

448

The first count outlined at length the details of the fraudulent scheme devised by appellant. It involved the conduct of a business called the Washington Mushroom Industries, an unincorporated company which appellant owned. The business was started in the year 1937. It consisted in the sale of mushroom growing outfits, including spawn, and a fertilizer called "Amco" prepared by appellant for mushroom culture. Appellant advertised extensively and succeeded in making gross sales of his product in amounts ranging to several thousand dollars a month.

Some of the statements made by appellant in his literature were that the Washington Mushroom Industries was organized in 1931, and that its business had been steadily expanding every year since; that his was the largest business of its kind in the world, and that mushrooms were and would be easily grown in all parts of the United States by the use of appellant's spawn and Amco fertilizer; that no expensive or special equipment, special ability or experience was required for the successful culture of mushrooms; that appellant's company provided the most up to date, latest, complete, simplified, step by step instructions for the beginner in growing mushrooms; that the spawn supplied was the finest quality of mushroom spawn, especially prepared, and was the best; that Amco fertilizer was an amazing, scientific new discovery, and that the use of this fertilizer would leave no more guessing, and would grow delicious and tender mushrooms of the highest quality; that mushroom raisers from coast to coast, both men and women, were earning money with the Washington Mushroom Industries plan for the purchase of spawn and fertilizer, growing mushrooms and shipping them to Washington Mushroom Industries by parcel post, mail and express.

The indictment charged that by means of these and other representations, all of which were alleged to be knowingly false, appellant schemed to deceive prospective customers and induce them to purchase his products. Each count charged a specific use of the mails for the purpose of executing and attempting to execute the scheme outlined in count one.

Appellant has two main contentions. His first is that the court fell into error in denying his motion for a bill of particulars. His argument in this respect appears to be that he was entitled to be apprised of the date or dates when the fraudulent scheme was devised, and that this information was not contained in the indictment. The real offense, says appellant, is based upon the scheme and artifice to defraud; hence, for all the court may know from a reading of the allegations contained in count one, the offense may have been barred by the statute of limitations. However, the gist of the offense denounced by the statute is the use of the mails in executing or attempting to effectuate the object of the fraudulent scheme. Here each count specifically alleged the date of mailing the communication relied on as a move in furtherance of the enterprise, and each mailing occurred within the period of the limitation. The indictment alleged the existence and described in detail the character of the scheme, thus fully acquainting the defendant with the nature of the charge against him. There is no merit in the assignment.

Appellant moved for a directed verdict, claiming that the evidence was insufficient to warrant a finding of guilty, and his brief is largely devoted to a discussion of the assignment of error predicated on the denial of this motion. We think there is no occasion to analyze the testimony in detail. Enough to say that the case presents a typical device of attracting the savings of little people by representing as certain and easy that which is speculative and difficult. If believed by the jury, there was ample evidence to support the thesis of the indictment, namely, that the business carried on by appellant and promoted through the use of the mails was not a legitimate or good faith enterprise, but was in essence an unconscionable racket, known by appellant to be such.

There are other assignments, but they are indistinguishable from the two mentioned above. These were not discussed either in the brief or in the oral argument and are deemed waived.

Affirmed.