Arthur Thomas **LELLES**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 15138.

United States Court of Appeals
Ninth Circuit.

Feb. 11, 1957.

Rehearing Denied March 19, 1957.

**22**

Jeffrey Heiman, Seattle, Wash., for appellant.

Charles P. Moriarty, U. S. Atty., John A. Roberts, Jr., Asst. U. S. Atty., Seattle, Wash., and Arthur A. Dickerman, Los Angeles, Cal., for appellee.

Before BONE, CHAMBERS and HAMLEY, Circuit Judges.

BONE, Circuit Judge.

Appellant Lelles and Cultured Mushroom Industries, Inc., were charged in a two count indictment with unlawfully causing to be introduced, and delivered for introduction, into interstate commerce at Seattle, Washington, for delivery to persons in Iowa (count 1) and Wisconsin (count 2) a number of cartons containing "cultured mushroom salt," said food being adulterated within the meaning of 21 U.S.C.A. § 342(a) (3), "in that it consisted in part of a filthy substance by reason of the presence in said food of insect larvae and insect fragments," all in violation of 21 U.S.C.A. §§ 331 and 333. In a trial to a jury both Cultured Mushroom Industries, Inc., and Lelles were found guilty on both counts.[1]

---

1. The indictment also charged a previous conviction. Counsel for appellant and for Government stipulated " * * * that on August 7, 1950, Cultured Mushroom Industries, Inc., and Arthur Thomas Lelles, defendants herein, were convicted upon a plea of Guilty in this Court of Violation of the Federal Food, Drug and Cosmetic Act in Criminal Cause No. 47976, and that said conviction had be-come final before the violations alleged in Counts I and II of the Indictment herein were committed." 21 U.S.C.A. § 333 provides for more severe penalties if the person has previously been convicted.

This Court also affirmed a conviction of Lelles for using the mails to defraud. Lelles v. United States, 9 Cir., 1941, 120 F.2d 447.

A motion by Cultured Mushroom Industries and Lelles for a new trial was denied, but the trial judge entered an order for judgment of acquittal as to Cultured Mushroom Industries. A motion to dismiss the indictment and to direct the jury to return a verdict of not guilty was made during the trial and before submission of the case to the jury, and was taken under advisement by the trial judge. Lelles was sentenced to 18 months imprisonment on each count, to be served concurrently, and was fined $1000 on each count. From this judgment Lelles brings this appeal.

■■■ We first consider appellant's contention that the lower court erred in submitting to the jury the case as to both the corporation and individual. It is claimed that this was a misjoinder of parties defendant.[2] During the trial, evidence showed that the shipments here involved were made by Washington Mushroom Industries, Inc. (not a party to the proceeding), and that payment for the mushroom salt was also made to Washington Mushroom Industries, Inc.[3] At the close of all the evidence, both defendants moved for a directed verdict of not guilty[4] and for a dismissal of the indictment. The trial judge denied the motion as to appellant, but reserved ruling as to the corporation defendant.[5] Following return by the jury of a verdict of guilty as to both defendants, the trial judge entered an order acquitting the corporation.

It is appellant's argument that " * * if the corporation of which this individual is President did not make the shipment, and the Court so found by dismissing the action, then its President is not guilty." It seems to be appellant's position that he cannot personally be liable as he did not ship the adulterated food in interstate commerce; that he can be liable only as an officer of the corporation that did ship the food, and since the corporation charged in the indictment was granted its motion for acquittal, the appellant, as president, cannot be guilty. Appellant then argues the portion of the indictment which refers to himself (Lelles) is merely descriptive of his official position with Cultured Mushroom Industries. We disagree with this argument.

■■ We believe the import of the statute, 21 U.S.C.A. § 331, and of the case of United States v. Dotterweich, 1943, 320 U.S. 277, 64 S.Ct. 134, 88 L.Ed. 48, is that a person who has responsibility in the business activities of a corporation may be personally guilty. The statute, 21 U.S.C.A. § 331, reads, "The following acts *and the causing thereof* are hereby prohibited * * * ." (Emphasis supplied.) It would seem from reading this statute that if a person causes

2. Federal Rules of Criminal Procedure, Rule 8(b), 18 U.S.C.A., provides for joinder of two or more defendants. Rule 14 provides for relief from prejudicial joinder. No relief was sought before or during the trial, nor in the motion for a new trial. It appears to have been first raised in statements of points to be relied upon on appeal. We believe this amounts to a waiver of objection. Rule 12(b) (2). Cf. Smith v. United States, 1950, 86 U.S.App.D.C. 195, 180 F.2d 775.

3. Testimony shows that appellant owns all the shares but two "qualifying" shares in *both* Washington Mushroom Industries, Inc., and in Cultured Mushroom Industries, Inc. The business address and place of *doing business of each is* the same. Appellant is president of each corporation.

4. Federal Rules of Criminal Procedure, Rule 29(a), "Motions for directed verdict are abolished and motions for judgment of acquittal shall be used in their place." In considering appellant's arguments we have treated his motion for a directed verdict as if it were a motion for judgment of acquittal.

5. Federal Rules of Criminal Procedure, Rule 29(b) reads, "If a motion for judgment of acquittal is made at the close of all the evidence, the court may reserve decision on the motion, submit the case to the jury and decide the motion either before the jury returns a verdict or after it returns a verdict of guilty or is discharged without having returned a verdict. * * * "

the unlawful introduction of adulterated food into interstate commerce, such person is guilty.[6]  In United States v. Dotterweich, supra, 320 U.S. at page 284, 64 S.Ct. at page 138, the Court stated:

" *  *  *  To speak with technical accuracy, under § 301 [of the Act, 21 U.S.C.A. § 331] a corporation may commit an offense and all persons who aid and abet its commission are equally guilty.  Whether an accused shares responsibility in the business process resulting in unlawful distribution depends on the evidence produced at the trial and its submission—assuming the evidence warrants it—to the jury under appropriate guidance. *The offense is committed,* unless the enterprise which they are serving enjoys the immunity of a guaranty, *by all who do have such a responsible share in the furtherance of the transaction which the statute outlaws,* namely, to put into the stream of interstate commerce adulterated or misbranded drugs.  *  *  * " (Emphasis supplied.)

■  We have carefully examined the indictment and believe that it charges appellant personally to have caused unlawfully to be introduced and delivered for introduction into interstate commerce the adulterated food.  We quote the relevant portions of the indictment in the margin.[7]  We disagree with appellant that the entire portion " *  *  * and

Arthur Thomas Lelles, an individual, at the time hereinafter mentioned president of said corporation  *  *  * " is descriptive only.  We believe when it reads, " *  *  * Lelles, an individual  *  *  * " that it charges Lelles personally as "an individual" to have done an unlawful act.

Appellant's contention that he may be guilty only as the officer of a guilty corporation is answered by the opinion in United States v. Dotterweich, supra.  In that case the indictment charged the corporation and its president and general manager, Dotterweich, for violations of 21 U.S.C.A. § 331(a).  The jury did not find the corporation guilty but did find Dotterweich guilty.  At page 279 of 320 U.S., at page 135 of 64 S.Ct. the Court stated:

" *  *  *  Equally baseless is the claim of Dotterweich that, having failed to find the corporation guilty, the jury could not find him guilty.  Whether the jury's verdict was the result of carelessness or compromise or a belief that the responsible individual should suffer the penalty instead of merely increasing, as it were, the cost of running the business of the corporation, is immaterial  *  *  * ."

■  We believe there was no prejudicial error in submitting the case to the jury as against both corporation defendant and individual defendant.  The evidence sufficiently shows that appellant Lelles was a responsible official.  (See

---

6. 21 U.S.C.A. § 333(a) provides, "Any person who violates any of the provisions of section 331 shall be guilty of a misdemeanor  *  *  *," 21 U.S.C.A. § 321(e) provides, "The term 'person' includes individual, partnership, corporation, and association."

21 U.S.C.A. § 331 provides, "The following acts and the causing thereof are hereby prohibited:  (a) The introduction or delivery for introduction into interstate commerce of any food, drug, device, or cosmetic that is adulterated or misbranded."

21 U.S.C.A. § 342 provides, "A food shall be deemed to be adulterated—(a) *  *  *  (3) if it consists in whole or in part of any filthy, putrid, or decom-

posed substance, or if it is otherwise unfit for food; *  *  *."

7. "The Grand Jury charges: *  *  * That Cultured Mushroom Industries, Inc., a corporation organized and existing under the laws of the State of Washington and trading and doing business at Seattle, State of Washington, and Arthur Thomas Lelles, an individual, at the time hereinafter mentioned president of said corporation, did, within the Northern Division of the Western District of Washington, on or about February 10, 1955, in violation of the Federal Food, Drug, and Cosmetic Act, unlawfuly cause to be introduced and delivered for introduction into interstate commerce at Seattle, State of Washington, for delivery *  *."

footnote 3, supra.) Cf. Golden Grain Macaroni Co., Inc., v. United States, 9 Cir., 1953, 209 F.2d 166, 168.

■■ Appellant next argues that the motion to dismiss the indictment should have been granted because of variance between an allegation in the indictment and the proof. On this point he argues that the indictment, count 1, charges appellant with causing a certain unlawful interstate commerce shipment (to Iowa) to be made " * * * on or about February 10, 1955." According to the records of the appellant, this shipment was made on January 22, 1955, or 19 days before the alleged date. As a general rule, a difference between the date charged in the indictment and the date shown by the evidence at trial is not fatal to the prosecution. In Ledbetter v. United States, 1898, 170 U.S. 606, 612, 18 S.Ct. 774, 776, 42 L.Ed. 1162, the Court stated:

"Neither is it necessary to prove that the offense was committed upon the day alleged, unless a particular day be made material by the statute creating the offense. Ordinarily, proof of any day before the finding of the indictment, and within the statute of limitations, will be sufficient."

And this Court stated in Berg v. United States, 9 Cir., 1949, 176 F.2d 122, 126, certiorari denied 1949, 338 U.S. 876, 70 S.Ct. 137, 94 L.Ed. 537:

"Even if it be true that the date alleged for the commission of a crime is not a true one or even a possible one, this does not invalidate the indictment. The charge of a date in an indictment is not a material allegation which must be proved as laid."

Appellant alleges error by the lower court in permitting appellee to recall certain witnesses for rebuttal and to call a witness for the first time during appellee's case in rebuttal. As part of his defense appellant sought to prove that the mushroom salt in these shipments was made several years prior to the shipments

here involved and had been approved by food inspectors in 1950, and that no mushroom salt had been made since that time. In its opening case, appellee had anticipated this defense and sought to show that mushroom salt had been made about the time of the shipments involved in this action. At this time, the trial judge asked, "Are you seeking, or anticipating the Defendant's defense here?" Following an affirmative reply by appellee's counsel, the trial judge stated, "It seems to me that that is rebuttal." Appellee thereafter ceased to offer such evidence until after appellant completed his case.

■ It is appellant's contention that the testimony offered by appellee in rebuttal was improper rebuttal evidence and that it should have been introduced during appellee's case in chief. Questions of rebuttal testimony are generally subject to the sound discretion of the trial court. In Cornes v. United States, 9 Cir., 1941, 119 F.2d 127, 130, this Court stated:

"Appellant contends that certain evidence which was offered in rebuttal, and was admitted, should have been excluded as not being proper rebuttal. Assuming, without deciding, that it was not proper rebuttal, it was nevertheless within the discretion of the court to admit the evidence; and that discretion, in the absence of abuse, is not reviewable. Goldsby v. United States, [1895] 160 U.S. 70, 74, 16 S.Ct. 216, 40 L.Ed. 343 * * * ."

See also Marron v. United States, 9 Cir., 1925, 8 F.2d 251, 257; Samish v. United States, 9 Cir., 1955, 223 F.2d 358, 365, certiorari denied, 1955, 350 U.S. 848, 76 S.Ct. 85, rehearing denied 350 U.S. 897, 76 S.Ct. 150; Williams v. United States, 4 Cir., 1945, 151 F.2d 736; Labiosa v. Government of Canal Zone, 5 Cir., 1952, 198 F.2d 282; United States v. Hiss, 2 Cir., 1950, 185 F.2d 822, certiorari denied, 1951, 340 U.S. 948, 71 S.Ct. 532, 95 L.Ed. 683. We believe there was no abuse of discretion.

 On rebuttal a witness for appellee testified that in his opinion, based on samples analyzed in 1950 from mushroom salt identified as lots 102 and 103, and an analysis of samples from the 1955 shipments here in issue, the mushroom salt analyzed in 1955 could not be from the same stock as the mushroom salt analyzed in 1950. He expressed this opinion because the two samples varied so in contents.[8] Appellant argues that admission of this testimony was error as it was opinion testimony relating to an ultimate fact properly to be determined by the jury. We disagree. The testimony of the witness did not relate to the ultimate issue involved, which was whether the food introduced in interstate commerce in 1955 was adulterated, but related to whether the 1955 sample came from the same stock as the 1950 sample. We also disagree for the reason that the witness was an expert with specialized skill in chemistry. He examined mushroom salt samples in 1950 and other samples in 1955. The competency and qualifications of a witness offered as an expert, and the extent to which his opinion may be required, are matters largely within the judicial discretion of the trial judge. Reuter v. Eastern Air Lines, Inc., 5 Cir., 1955, 226 F.2d 443, 445; Hatch v. United States, 8 Cir., 1929, 34 F.2d 436, 437, certiorari denied 1930, 281 U.S. 731, 50 S.Ct. 246, 74 L.Ed. 1147; United States v. Kolodny, 2 Cir., 1945, 149 F.2d 210; Landfield v. United States, 9 Cir., 1925, 9 F.2d 315, 316. While the witness did state facts about the contents of the 1950 and 1955 samples, we do not believe the trial court abused its discretion in permitting the witness to express his opinion based on many years of scientific analysis of food.

 Appellant also contends that the trial court erred in refusing to sustain appellant's challenge to the legal sufficiency of the evidence and in refusing to direct a verdict of not guilty. We have examined the entire record on appeal and are convinced that there was sufficient evidence to carry the case to the jury and that the evidence was substantial and supports the verdict.

Judgment affirmed.

---

8. The 1950 and 1955 samples showed the following:

| 1950 Samples | 1955 Samples |
|---|---|
| (1) No appreciable filth | (1) Substantial filth |
| (2) Appreciable amount of cornstarch | (2) A few grains of starch—not enough to permit identification as cornstarch |
| (3) Net weight per can—.90 oz. | (3) Net weight per can—from 1.63 oz. to 1.82 oz. |
| (4) Headspace per can—2¾ in. to 3⅝ in. | (4) Headspace per can—1⅜ in. to 1⅝ in. |

The appreciable filth included whole larva and large beetle fragments, smaller fragments, and rat or mouse hairs.