**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10382 |
| Plaintiff-Appellee, | D.C. No. 2:19-cr-00006-KJM-1 |
| v. | |
| JOSE ELFEGO GUTIERREZ-GOMEZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, Chief District Judge, Presiding

Submitted October 20, 2020**
San Francisco, California

Before: CLIFTON, N.R. SMITH, and R. NELSON, Circuit Judges.

Defendant Jose Elfego Gutierrez-Gomez appeals his conviction and sentence

for illegally reentering the United States in violation of 8 U.S.C. § 1326(a), (b)(2).

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1.     Gutierrez-Gomez argues that the district court erred by instructing the jury that the term "reasonably near" had "no special, legal definition," as that term related to the Government's burden to prove that Gutierrez-Gomez was found unlawfully present in the United States on a date "reasonably near" the date alleged in the indictment. Because Gutierrez-Gomez did not properly object to the district court's supplemental instruction, we review it for plain error. *See United States v. Varela*, 993 F.2d 686, 688 (9th Cir. 1993).

Gutierrez-Gomez first contends that the jury should have been instructed to consider several "constitutional factors" in determining whether the Government proved that he was found in the United States on a date reasonably near the date alleged in the indictment. Certainly, a substantial variance between the proof at trial and the allegations of the indictment implicates the defendant's Fifth Amendment rights "not to be held to answer for a felony except on the basis of facts which satisfied a grand jury that he should be charged[,] . . . to fair notice of what he is accused of, and not to be twice put in jeopardy on the accusation." *United States v. Tsinhnahijinnie*, 112 F.3d 988, 992 (9th Cir. 1997). However, (1) Gutierrez-Gomez does not dispute that he was informed as to the charges against him, so as to be able to present his defense and not be taken by surprise by the evidence at trial and (2) he was not likely to be subject to double jeopardy.  A

reasonable jury could have (and did) convict him of being "found in" the United States and "reasonably near" November 13.

Gutierrez-Gomez cites several of our decisions that have addressed whether a variance between the date proved at trial and the date alleged in the indictment was impermissible—i.e., whether the dates were "reasonably near"—and contends that these decisions compose "a specialized legal definition of 'reasonably near.'" *See United States v. Hinton*, 222 F.3d 664, 672–73 (9th Cir. 2000); *United States v. Casterline*, 103 F.3d 76, 78–79 (9th Cir. 1996); *Lelles v. United States*, 241 F.2d 21, 25 (9th Cir. 1957). However, it is not "so clear-cut" or "so obvious" from our precedent that every application of a term is an essential component of the term's so-called special legal definition. *See United States v. Gonzalez-Aparicio*, 663 F.3d 419, 428 (9th Cir. 2011) (quoting *United States v. Turman*, 122 F.3d 1167, 1170 (9th Cir. 1997), *abrogated on other grounds by Henderson v. United States*, 568 U.S. 266, 277 (2013)). Nor is it "so clear-cut" or "so obvious" that a jury must be instructed on every application of a term when the jury requests further instruction on the term's definition. *See id.* (quoting *Turman*, 122 F.3d at 1170).

However, even if the district court committed error (as Gutierrez-Gomez suggests), his substantial rights were not affected, because there was not "a significant possibility" of acquittal. *See United States v. Brooks*, 508 F.3d 1205,

1208 (9th Cir. 2007) (quoting *United States v. Steward*, 16 F.3d 317, 320 (9th Cir. 1994)). At trial, Gutierrez-Gomez conceded every element of the crime of illegal reentry under 8 U.S.C. § 1326(a), (b)(2). His sole defense theory was that the Government had failed to meet its burden to prove that Gutierrez-Gomez was found in the United States on a date reasonably near the date alleged in the indictment—"on or about November 13, 2018." This theory relied entirely on his argument that he had not been found unlawfully present in the United States by immigration authorities until June 6, 2019, when the Government's fingerprint expert verified that Gutierrez-Gomez's fingerprints taken at the county jail matched those from the DHS file related to his 2012 removal. However, because this argument finds no support in the trial evidence, there was not "a significant possibility" of acquittal. *See Brooks*, 508 F.3d at 1208 (quoting *Steward*, 16 F.3d at 320). Therefore, there was no plain error. *Id.*

2.      Gutierrez-Gomez argues that the district court erred in denying him a two-level downward adjustment of his base offense level under the United States Sentencing Guidelines for "clearly demonstrat[ing] acceptance of responsibility for his offense." *See* U.S. Sentencing Guidelines Manual § 3E1.1(a) (U.S. Sentencing Comm'n 2018). "We review de novo whether the district court misapprehended the law" in applying § 3E1.1(a), but whether a "defendant has accepted responsibility

for his crime is a factual finding that we review for clear error." *United States v. Tuan Ngoc Luong*, 965 F.3d 973, 990 (9th Cir. 2020) (quoting *United States v. Garrido*, 596 F.3d 613, 617 (9th Cir. 2010)).

Contrary to Gutierrez-Gomez's primary argument, there is no indication in the record that the district court denied him an acceptance-of-responsibility reduction based on his decision to stand trial. Instead, the district court evaluated the criteria set forth in Application Note 1 of § 3E1.1. The court determined that Gutierrez-Gomez did not qualify for an acceptance-of-responsibility reduction, because he had not "voluntarily surrendered to authorities promptly after commission of the offense" and his manifestations of acceptance of responsibility were, at best, untimely. Because Gutierrez-Gomez concedes on appeal "that he did not surrender promptly," and it is undisputed that Gutierrez-Gomez remained in the United States unlawfully for over six years without surrendering to authorities, the district court's determination that Gutierrez-Gomez had not demonstrated acceptance of responsibility for illegally reentering the country was not "illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *See United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc).

**AFFIRMED.**