UNITED STATES of America,
Plaintiff–Appellee,

v.

Pahe Jim TSINHNAHIJINNIE,
Defendant–Appellant.

No. 96–10082.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted February 11, 1997.

Decided April 24, 1997.

---

Sigmund G. Popko, Assistant Federal Public Defender, Phoenix, AZ, for defendant-appellant.

Elizabeth M. Overholt, Assistant United States Attorney, Phoenix, AZ, for plaintiff-appellee.

Before: HUG, Chief Judge, THOMPSON and KLEINFELD, Circuit Judges.

## OPINION

KLEINFELD, Circuit Judge:

This case turns on one issue, whether the evidence was sufficient, or there was a fatal variance between the indictment and evidence, as to when the crime occurred.

## Facts

Tsinhnahijinnie was indicted for abusive sexual contact on a child "within the Indian country":

> On or between June 1992 and July 1992, in the District of Arizona, within the confines of the Gila River Indian Reservation, Indian Country, defendant PAHE JIM TSINHNAHIJINNIE, an Indian, did knowingly engage in abusive sexual contact, that is, intentional touching, directly and through the clothing, of the breasts, genitalia and inner thighs of [H.S.], a minor female child who had not attained the age of 12 years, with the intent to abuse, humiliate, harass and degrade [H.S.], and arouse and gratify the sexual desire of PAHE JIM TSINHNAHIJINNIE.
>
> In violation of Title 18, United States Code, §§ 1153, 2244(a)(1) and 2246(3) [previously Title 18, United States Code, § 2245(3)].

The aspects of this indictment which are material to the outcome are the date and location. For there to be federal jurisdiction, the crime had to have occurred on the Indian Reservation. The indictment says that the crime occurred "on or between June 1992 and July 1992."

Trial was in 1995. It arose out of an accusation that the child made in May 1994. She said that at some previous time, Tsinhnahijinnie had come to her in bed and rubbed her private parts. The trial was a swearing match, with the child saying Tsinhnahijinnie did it, and Tsinhnahijinnie saying he did not. But the child never said that Tsinhnahijinnie did it at or near June and July of 1992. The child's testimony was both impeached and corroborated. To impeach, Tsinhnahijinnie's lawyer showed that the child was angry at Tsinhnahijinnie because she preferred her natural father to her stepfather, Tsinhnahijinnie. He also showed that the child's accusation came immediately after Tsinhnahijinnie's refusal to take the family to Disneyland on a trip they were making from Arizona to Palo Alto, California, for an Indian celebration.

The corroboration included a therapist's testimony that the decline in the child's

school performance between kindergarten and first grade would have been consistent with sexual abuse during that period. Most powerfully, a physician testified that when he examined the child May 13, 1994, in response to the mother's concern about sexual abuse, the child told him that Tsinhnahijinnie had penetrated her vagina with his finger and had tried to put his penis in her mouth. The child was unable to tell the physician exactly when, but the context indicated that the conduct described happened shortly before the trip to Palo Alto.

The prosecutor's case fell apart regarding the date on which the first incident of abuse occurred. The child remembered who her teachers were in kindergarten, first grade, second grade, and third grade. She testified that the abuse occurred when they lived in housing on the Indian Reservation, not when they lived off the Reservation in the Phoenix area. The child testified that sexual abuse occurred in the 1994–95 school year, but testified that she did not remember sexual abuse in 1992:

Q: Okay. [H.S.], this thing that Tai was doing to you do you remember when that started?

A: No.

Q: Do you remember who your teacher was near the time that was happening?

A: No.

Q: Was it happening this year in '95 with Ms. Duke?

A: No.

Q: Was it happening last year in '94/'95 when you had the school at San Marcos, did you say?

A: Yes.

Q: It happened then. Was it happening when you were in second grade and Ms. Taylor was your teacher?

A: I don't remember.

Q: Do you remember anything happening when Ms. Cole was your teacher for first grade or kindergarten?

A: No.

Q: Okay. Do you remember the place where this started happening? What place were you living in?

A: Gila Buttes.

Q: Gila Buttes. And do you remember when you moved to the Gila Buttes house?

A: No.

The child recalled which bedroom the abuse had occurred in, and testified that her bedroom had changed while they lived in that dwelling. But the prosecutor elicited no evidence from the child or the mother as to when the child changed bedrooms, so the bedroom testimony did not enable the jury to date any abuse in 1992.

The grand jury did not indict Tsinhnahijinnie with the May 1994 crimes. He was prosecuted in Tribal Court for the 1994 sexual abuse. The prosecutor introduced evidence of the 1994 crimes to show the likelihood that Tsinhnahijinnie had committed similar crimes in a less serious manner, rubbing on top of or under the child's bed clothing, in the summer of 1992. We do not reach in this disposition the issue of whether evidence of the subsequent conduct was properly introduced.

## Analysis

■ Tsinhnahijinnie argues on appeal that there was insufficient evidence to prove that he committed the crime charged on any date within or reasonably near the period charged in the indictment. We agree, so we do not reach any of his other arguments. The test of sufficiency is whether any reasonable juror could have found beyond a reasonable doubt that the defendant committed the crime charged. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *United States v. Jones*, 84 F.3d 1206, 1210 (9th Cir.1996). There was not sufficient evidence for a reasonable juror to conclude Tsinhnahijinnie sexually abused H.S. in June or July 1992. A reasonable juror might infer from the evidence about 1994 that if Tsinhnahijinnie had a sexual inclination toward children in 1994, he probably had had the same sexual inclination two years earlier. But that is not enough for a reasonable juror to conclude beyond a reasonable doubt that Tsinhnahijinnie sexually abused the child in or reasonably near June or July 1992. Tsinhnahijinnie is correct that

there was a fatal variance between what was charged and what was proved.

The government argues that the date of the crime is not an element of the offense. *See United States v. Laykin,* 886 F.2d 1534, 1542–43 (9th Cir.1989). This argument is correct but irrelevant. The elements were that the defendant (1) is an Indian; (2) in the special maritime and territorial jurisdiction of the United States; (3) knowingly; (4) engaged in or caused sexual contact with another person; (5) who has not attained the age of 12. 18 U.S.C. §§ 2244(a)(1), 1153. The date is plainly not an element of the offense.

■ The reason that the government's argument is irrelevant is that it overlooks the function of an indictment. A defendant is entitled to know what he is accused of doing in violation of the criminal law, so that he can prepare his defense, and be protected against another prosecution for the same offense.

The true inquiry, therefore, is not whether there has been a variance in proof, but whether there has been such a variance as to 'affect the substantial rights' of the accused. The general rule that allegations and proof must correspond is based upon the obvious requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense.

*Berger v. United States,* 295 U.S. 78, 82, 55 S.Ct. 629, 630–31, 79 L.Ed. 1314 (1935).

■ There is some play in the joints of this rule, where the variance is "not of a character which could have misled the defendant at the trial," *id.* at 83, 55 S.Ct. at 631, and there is no danger of double jeopardy. In such a case, the variance between indictment and proof is immaterial. *See United States v. Laykin,* 886 F.2d 1534, 1542 (9th Cir.1989); *Lelles v. United States,* 241 F.2d 21, 25 (9th Cir.1957). A variance which does not affect the substantial rights of the defendant is harmless error. *United States v. Hazeem,* 679 F.2d 770, 773–74 (9th Cir.1982).

So, for example, a nineteen day variance was held immaterial in *Lelles v. United States,* 241 F.2d 21, 25 (9th Cir.1957). An indictment which specified neither the beginning nor the end dates of the criminal conduct was sufficient where the overt acts alleged in the indictment sufficiently narrowed its focus to give the defendant fair notice of the scope of the charges. *United States v. Laykin,* 886 F.2d 1534, 1542 (9th Cir.1989). The government ordinarily need prove only that the crime occurred on a date reasonably near the one alleged in the indictment, not on the exact date. *United States v. Baker,* 10 F.3d 1374, 1419 (9th Cir.1993); *United States v. Harrison–Philpot,* 978 F.2d 1520, 1526 (9th Cir.1992); *see also* Charles Wright, *Federal Criminal Procedure* § 125 (2d ed). The defense does not put any of these propositions at issue.

Tsinhnahijinnie's defense was in fact prejudiced by the disparity between the date charged and the evidence. His lawyers developed and presented documentary evidence that Tsinhnahijinnie, the victim and her mother lived off the Reservation in the Phoenix area until August 4, 1992. That made it impossible for the crime to have occurred on the Reservation in June or July 1992. Federal jurisdiction required that the crime take place on the Reservation. The child testified that the criminal touching took place on the Reservation, not while they lived in the off Reservation apartment. In view of the proof the defense presented, no reasonable juror could have concluded that Tsinhnahijinnie abused the child on the Reservation in June or July 1992.

The government argues that Tsinhnahijinnie must have committed the crime in August 1992, a date "reasonably near" the dates charged. The defense does not put at issue whether August would be "reasonably near" June and July. We therefore assume without deciding that August 1992 would have been "reasonably near" June and July. The defense argues that there was no substantial evidence that the crime occurred in August 1992. We have combed the record with care and conclude that in this argument, appellant is correct.

The government has not argued that May 1994 is "reasonably near" June and July 1992. That argument would be difficult to reconcile with the ordinary meaning of the English words "on a date reasonably near the date alleged," used in the jury instructions. In *United States v. Casterline*, 103 F.3d 76 (9th Cir.1996), we held that similar words in an instruction excluded conduct seven months before the date charged. *See id.* at 78–79. In this case the charge and evidence are two years apart.

A person is entitled under the Fifth Amendment not to be held to answer for a felony except on the basis of facts which satisfied a grand jury that he should be charged. He is entitled to fair notice of what he is accused of, and not to be twice put in jeopardy on the accusation. U.S. Const. Amend. V; *United States v. Laykin*, 886 F.2d 1534, 1542 (9th Cir.1989). The problem in this case is thus not that the government failed to prove an element of the crime, but that it failed to comply with the requirements of the Constitution. The evidence was not sufficient to prove the crime for which Tsinhnahijinnie was indicted.

A man indicted for robbing First National Bank in Springfield on January 1 cannot be convicted on the indictment of robbing Second National Bank in Middletown on December 30, even though the elements of the crime would be exactly the same. The problem would be that the defendant was not indicted for the crime proved, had no fair notice, and would lack double jeopardy protection against an indictment for the December 30 crime if he won acquittal. There was no evidence from which any jury could reasonably conclude beyond a reasonable doubt that Tsinhnahijinnie committed the crime charged on a date reasonably near June or July 1992.

REVERSED.