**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Male N.A. JUVENILE, Defendant— Appellant.**

**No. 00–10201.**

**D.C. No. CR–98–00491–ROS.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 13, 2001.

Decided March 27, 2001.

Before REINHARDT, RYMER, and FISHER, Circuit Judges.

\* This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

## MEMORANDUM \*

The defendant appeals his conviction for sexually assaulting his six-year-old cousin. He argues that his conviction should be reversed because (1) the prosecutor engaged in misconduct; (2) the indictment failed to provide sufficient notice of one of the crimes charged; and (3) the jury instructions were erroneous. We affirm the judgment of conviction.

## I.

■ The defendant first argues that the prosecutor engaged in misconduct by repeatedly questioning him regarding the fact that the FBI had interrogated him about sexually assaulting other young cousins of his, and by making reference to those interrogations during closing argument. By doing so, he claims, the prosecutor inappropriately created the impression that the defendant was a serial child molester. We conclude that there was no prosecutorial misconduct.

On direct examination, the defendant claimed that, under FBI questioning, he confessed to sexually assaulting his young cousin because the FBI's persistent interrogation left him unable to deny the charge, even though it was false. On cross-examination, the prosecutor introduced evidence that during the interrogation the defendant denied sexually assaulting other children. This evidence, the prosecutor stated, showed that the defendant could resist the FBI's questioning and did not simply tell the FBI agents everything he thought they wanted to hear. In other words, the evidence of the other denials was offered for the purpose of refuting the defendant's claim that, although he was innocent, he could not resist the force of the FBI's questioning. On several occasions, the trial judge provided

the jury with cautionary instructions to this effect, and the prosecutor himself, during closing argument, explained:

> [L]et me just be clear on this. We introduced ... evidence that he denied touching other kids, and there was no—we did not mean to make any implication whatsoever that he did in fact touch those other kids .... The whole purpose of introducing that evidence was to go to his credibility. Because if he is saying I admitted these things because the FBI overbore my will, they made me admit it, why didn't they overbear his will on these other people? Why didn't he go along with that, too? Because evidently that's what the FBI wanted him to say about those kids, isn't it?

The prosecutor's questions and closing argument were part of a legitimate effort to refute the defendant's contention that he had falsely confessed under pressure.

*United States v. Davenport,* 753 F.2d 1460, 1463 (9th Cir.1985), is not applicable. *Davenport* holds only that a prosecutor may not ask at trial whether a defendant committed other bad acts unless he has a good-faith belief that the defendant engaged in such conduct. Here, the prosecutor did not ask whether the defendant committed other acts. He simply elicited the fact that the defendant had truthfully denied having engaged in other misconduct, and did so for a valid purpose.

## II.

■ The defendant next contends that the trial court erred in failing to dismiss Count 2 of his indictment on the ground that it did not provide him with adequate notice of the crime charged. Count 2 states, in relevant part, that the defendant "did knowingly engage and attempt to engage in a sexual act, that is, contact *between the penis and the anus* with John Doe ... [i]n violation of Title 18, United States Code, Sections 1153, 2241(c) and 2246(1)(A)" (emphasis added). The defendant contends that this indictment is insufficient because it is unclear whether the contact alleged involved his penis and the victim's anus or his anus and the victim's penis. We hold that the indictment in this case, which mirrors the language of the statute, provided the defendant with adequate notice of the charged offense. *United States v. Johnson,* 804 F.2d 1078, 1084 (9th Cir.1986).

## III.

■ Finally, the defendant contends that the trial judge erred by instructing the jury that the prosecution need only prove that the offenses occurred on a date reasonably near the date alleged. First, because the indictment charges that the offenses occurred "[o]n or about April 28, 1998," there was no variance from the indictment. Next, "[t]he government ordinarily need prove only that the crime occurred on a date reasonably near the one alleged in the indictment, not on the exact date." *United States v. Tsinhnahijinnie,* 112 F.3d 988, 991 (9th Cir.1997). This court has found a difference of eighteen or nineteen days to be immaterial. *See United States v. Hinton,* 222 F.3d 664, 673 (9th Cir.2000); *Lelles v. United States,* 241 F.2d 21, 25 (9th Cir.1957). Only when the difference involves a long time has this court found that the "reasonably near" standard is not met. *See United States v. Casterline,* 103 F.3d 76 (9th Cir.1996) (holding that seven months is not reasonably near); *Tsinhnahijinnie,* 112 F.3d 988 (holding that two years was not reasonably near). Here, the difference, if any, was no more than a day or two. No error occurred.

AFFIRMED.