**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Daniel S. MARTINEZ, Defendant–**
**Appellant.**

**No. 00–10061.**
**D.C. No. CR–99–00124–JBR/PMP.\***

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 17, 2001.**

Decided Dec. 27, 2001.

Before SCHROEDER, Chief Judge, TROTT and PAEZ, Circuit Judges.

MEMORANDUM ***

Daniel S. Martinez appeals his conviction and sentence for one count of being an illegal alien found in the United States

---

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

* Based on the parties' joint motion, we partially remanded this case for resentencing. On remand, the district court redesignated the

district court case number from CR–99–00124–JRB to CR–99–00124–PMP.

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

Martinez contends that the district court erred by denying his motion for a judgment of acquittal. He specifically claims that the government failed to prove beyond a reasonable doubt that he was found in the United States on February 22, 1999, the date alleged in the indictment. We review de novo, *United States v. Mendoza,* 244 F.3d 1037, 1042 (9th Cir.), *cert. denied,* —— U.S. ——, 122 S.Ct. 221, —— L.Ed.2d —— (2001), and find Martinez's contention unpersuasive.

The date on which Martinez was found is not an element of § 1326(a). *Cf. United States v. Parga–Rosas,* 238 F.3d 1209, 1213–14 (9th Cir.), *cert. denied,* —— U.S. ——, 122 S.Ct. 319, —— L.Ed.2d —— (2001); *United States v. Ramos–Oseguera,* 120 F.3d 1028, 1035 (9th Cir.1997) (stating that variance in date is not reversible error unless time is a material element of the charged offense), *overruled on other grounds by United States v. Nordby,* 225 F.3d 1053, 1059 (9th Cir.2000).

The indictment in this case gave Martinez notice of what evidence would be presented against him, *see United States v. Antonakeas,* 255 F.3d 714, 722–23 (9th Cir. 2001), and did not affect his substantial rights, *see United States v. Tsinhnahijinnie,* 112 F.3d 988, 991 (9th Cir.1997). Accordingly, any variance between the date specified in the indictment and the date Martinez was actually found in the United States was not fatal.[1] *Cf. Tsinhnahijinnie,* 112 F.3d at 911; *see also United States v. Laykin,* 886 F.2d 1534, 1542–43 (9th Cir.1989).

Martinez also contends that under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the existence of a prior felony conviction used to enhance his sentence must be charged in the indictment and proved beyond a reasonable doubt. Martinez further contends that *Apprendi* limited *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) to its unique facts. Martinez's *Apprendi* contentions are foreclosed by our decisions in both *United States v. Pacheco–Zepeda,* 234 F.3d 411, 414 (9th Cir.) (applying plain error review), *cert. denied,* —— U.S. ——, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001) and *United States v. Arellano–Rivera,* 244 F.3d 1119, 1127 (9th Cir.2001) (applying de novo review).

**AFFIRMED.**

---

1. Although the district court denied Martinez's motion for judgment of acquittal on a different ground, we may affirm on any basis supported by the record. *United States v. Allen,* 153 F.3d 1037, 1045 (9th Cir.1998).

