UNITED STATES of America,
Plaintiff—Appellee,

v.

John Wesley JINGLES, Defendant—
Appellant.

No. 01–10703.
D.C. No. CR–98–00431–FCD.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 9, 2003.

Decided April 30, 2003.

Before NOONAN, McKEOWN, and RAWLINSON, Circuit Judges.

MEMORANDUM*

■ **1.** John Wesley Jingles ("Jingles") contends that the evidence at trial varied from the conduct charged in the indictment since the government proved several multiple conspiracies, but not the overall, single conspiracy alleged. "The issue of whether a single conspiracy has been proved is a question of the sufficiency of the evidence." *United States v. Antonakeas*, 255 F.3d 714, 723 (9th Cir.2001) (citation omitted). Sufficient evidence was adduced at trial proving a single, broad conspiracy, since Jingles "was involved in a broad project to distribute cocaine and [ ] his benefit depended on the success of the operation." *See United States v. Shabani*, 48 F.3d 401, 403 (9th Cir.1995) (citation omitted).

**2.** Jingles' argument that there was a material variance between the jury's verdict and counts twenty-one and twenty-two of the indictment also fails. "[W]here the variance is not of a character which could have misled the defendant at trial, and there is no danger of double jeopardy ...", the variance between indictment and proof is immaterial." *United States v. Tsinhnahijinnie*, 112 F.3d 988, 991 (9th Cir.1997) (citations and internal quotation marks omitted). The indictment provided sufficient notice that Jingles faced a cocaine base charge and the proof at trial did not vary from this charge. Additionally, the fact that the government was not required to prove possession of a specific substance further undermines Jingles' argument.

See *United States v. Sua*, 307 F.3d 1150, 1155 (9th Cir.2002).

■ **3.** Jingles contends that the district court erred when it rejected his proffered buyer/seller jury instruction. "[A] defendant is only entitled to a jury instruction on his theory of defense if his theory is supported by the law and has some foundation in the evidence." *United States v. Patterson*, 292 F.3d 615, 630 (9th Cir.2002) (citation omitted). Jingles is correct that a conviction for conspiracy requires more than proof of the sale of narcotics. "[P]roof that a defendant sold drugs to other individuals does not prove the existence of a conspiracy ... Rather, conspiracy requires proof of an agreement to commit a crime other than the crime that consists of the sale itself ... Were the rule otherwise, every narcotics sale would constitute a conspiracy." *United States v. Lennick*, 18 F.3d 814, 819 (9th Cir.1994) (citations and internal quotation marks omitted). However, Jingles' theory lacked evidentiary support. The evidence reflected that Jingles operated a cocaine distribution network and was therefore not a mere buyer or seller of narcotics. The district court therefore did not err when it declined to give Jingles' proffered buyer/seller jury instruction.

■ **4.** Sufficient evidence supported Jingles' continuing criminal enterprise conviction, since he had "some sort of managerial responsibility" over his coconspirators. *United States v. Otis*, 127 F.3d 829, 834 (9th Cir.1997) (citation omitted).

■ **5.** The district court did not commit plain error by failing to instruct the jury that conspiracy is a lesser included offense of conducting a continuing criminal enterprise (CCE). Since there was sufficient evidence to support the CCE conviction, Jingles' claim fails due to the lack of preju-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

dice, or effect on the trial's fairness or integrity. *See United States v. Anderson,* 201 F.3d 1145, 1149–50 (9th Cir.2000).

**6.** The district court did not abuse its discretion by allowing the testimonies of the DEA and IRS agents. The DEA agent's testimony concerning the nature of drug organizations was relevant in this drug conspiracy case. *Cf. United States v. Valencia–Amezcua,* 278 F.3d 901, 909 & n. 5 (9th Cir.2002). The IRS agent properly summarized Jingles' money-laundering evidence and the district court provided an appropriate limiting instruction. *See United States v. Gomez–Osorio,* 957 F.2d 636, 641–42 (9th Cir.1992).

7. The district court did not err in its sentencing of Jingles based on the drug quantities contained in the presentence report ("PSR"). After carefully and thoroughly considering the PSR, the district court properly adopted the PSR's drug quantity estimations. *See United States v. Whitecotton,* 142 F.3d 1194, 1198–99 (9th Cir.1998).

8. The district court did not err by enhancing Jingles' sentence pursuant to U.S.S.G. § 2D1.1(b)(1) based on constructive possession of a firearm. "To demonstrate constructive possession the government must prove a sufficient connection between the defendant and the [firearm] to support the inference that the defendant exercised dominion and control over the [firearm]." *United States v. Cazares,* 121 F.3d 1241, 1245 (9th Cir.1997) (citation omitted). The evidence found at Jingles' residence sufficiently connected Jingles to the firearm to support a finding of constructive possession.

9. Jingles' contention that the district court's guideline calculations and sentencing enhancements violated *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), is without merit. "*Apprendi* does not alter the authority of the judge to sentence *within* the statutory range provided by Congress." *United States v. Shwayder,* 312 F.3d 1109, 1122 (9th Cir.2002) (citations omitted) (emphasis in the original).

10. The district court did not sentence Jingles on counts one, sixteen, seventeen, and eighteen, recognizing these counts as multiplicitous in light of Jingles' conviction on the CCE counts. However, the judgment incorrectly reflects conviction on these counts, and they were included in the calculation of the assessment in the amount of $2,900. We remand so that the district court can delete these counts from the judgment of conviction and re-calculate the assessment accordingly.

Jingles' conviction is **AFFIRMED.** The sentence is **VACATED** and **REMANDED** for the sole purpose of deleting counts one, sixteen, seventeen and eighteen from the judgment and from the assessment calculation.

**CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED.**