Kenneth J. SCHIRO, Plaintiff—
Appellant

v.

Craig FARWELL; Nevada Attorney
General, Defendant—Appellees.

No. 06–15370.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 6, 2006.

Filed March 19, 2007.

Paul G. Turner, Esq., Federal Public
Defender's Office, Las Vegas, NV, for
Plaintiff–Appellant.

Jason M. Frierson, Esq., Office of the
Nevada Attorney General, Las Vegas, NV,
for Defendant–Appellees.

Before: D.W. NELSON, COWEN,* and
BERZON, Circuit Judges.

MEMORANDUM **

Kenneth J. Schiro appeals from the District Court's order dismissing his petition for a writ of habeas corpus brought under 28 U.S.C. § 2254. For the reasons stated below, we will affirm.

I.

Following a jury trial, Schiro was convicted of three counts of sexual assault against his daughter, then a minor child. The Nevada state court sentenced him to two consecutive terms of life imprisonment with the possibility of parole and one con-

---

* The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

current term of life imprisonment with the possibility of parole. On appeal to the Nevada Supreme Court, Schiro argued that he did not have proper notice of the charges against him because the government's closing argument constituted a constructive amendment to, or substantial variance from, the charging document. The Nevada Supreme Court rejected the argument, among others, and dismissed the appeal on the merits. The United States District Court for the District of Nevada denied Schiro's petition for a writ of habeas corpus. We have jurisdiction pursuant to 28 U.S.C. § 2253.

We review a district court's order denying a petition for a writ of habeas corpus under a de novo standard. *Shackleford v. Hubbard,* 234 F.3d 1072, 1077 (9th Cir. 2000). Because the Antiterrorism and Effective Death Penalty Act of 1996 applies in this case, we may grant relief only if the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *Williams v. Taylor,* 529 U.S. 362, 412–13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

## II.

Schiro contends that the Nevada state court violated his federal due process rights by allowing the government to argue a theory of culpability at trial that constituted a constructive amendment to, or a substantial variance from, the allegations in the criminal information.[1] As discussed below, we cannot grant habeas relief because the Nevada court's conclusion that there was no due process violation was neither contrary to, nor an unreasonable application of, clearly established federal law.

The Sixth Amendment, which is applicable to the states through the Due Process Clause of the Fourteenth Amendment, guarantees a criminal defendant the fundamental right to be clearly informed of the nature and cause of the charges against him. *See* U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right ... to be informed of the nature and cause of the accusation ...."); *see also Jackson v. Virginia,* 443 U.S. 307, 314, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) ("It is axiomatic that a conviction upon a charge not made or upon a charge not tried constitutes a denial of due process."); *In re Oliver,* 333 U.S. 257, 273, 68 S.Ct. 499, 92 L.Ed. 682 (1948) ("A person's right to reasonable notice of a charge against him, and an opportunity to be heard in his defense ... are basic in our system of jurisprudence...."); *Cole v. Arkansas,* 333 U.S. 196, 201, 68 S.Ct. 514, 92 L.Ed. 644 (1948) ("No principle of procedural due process is more clearly established than that notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge, if desired, are among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal."); *cf. Stirone v. United States,* 361 U.S. 212, 217, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960) (stating that under the Fifth Amendment right to a grand jury indictment a "court cannot permit a defendant to be tried on charges that are not made in the indictment against him").

We have said that a constructive amendment of a charging instrument exists where "(1) there is a complex of facts

---

[1] For the well-stated reasons given by the District Court in its order of March 30, 2004, we decline to certify the claim that the District Court erred in dismissing grounds four through eight of the Second Amended Habeas Petition on the basis of procedural bar.

presented at trial distinctly different from those set forth in the charging instrument, or (2) the crime charged in the indictment was substantially altered at trial, so that it was impossible to know whether the grand jury would have indicted for the crime actually proved." *United States v. Adamson*, 291 F.3d 606, 615 (9th Cir.2002) (internal quotation marks and brackets omitted). We have generally found a variance between the charging instrument and the proof where the instrument and the proof involve "a single, though materially different, set of facts." *Id.* A variance does not require reversal unless it affects the substantial rights of the defendant. *See id.* at 616 (citing *United States v. Von Stoll*, 726 F.2d 584, 587 (9th Cir.1984)); *Jones v. Smith*, 231 F.3d 1227, 1238–39 (9th Cir. 2000) (requiring a showing of prejudice in a state prisoner habeas case).

Applying these principles to the case at hand, we cannot conclude that the state court was unreasonable in holding that there was no constructive amendment to, or substantial variance from, the information. The criminal information filed by the state of Nevada against Schiro alleged that Schiro committed three acts of sexual assault against his minor child, two by vaginal penetration and one by digital penetration, in violation of Nev.Rev.Stat. § 200.366. Specifically, the information charged two counts of "sexual penetration, to-wit: sexual intercourse, by Defendant inserting his penis in the vagina," and one count of "sexual penetration, to-wit: by Defendant inserting his finger into the vagina." The government's evidence and arguments presented to the jury at trial suggested that the sexual penetration of the minor child's genitalia was slight, occurring only between the labia, not into the tube-like vaginal structure that starts at the hymen and ends at the cervix. As discussed in greater detail below, this difference does not constitute either a con-

structive amendment or a substantial variance.

The government's theory of slight penetration into the genital opening of the minor child did not constructively amend the information. First, there was only one "complex of facts" charged in the information and presented at trial—sexual assault of a minor child through penile and digital penetration. *See Adamson*, 291 F.3d at 615 (internal quotation marks omitted). Second, the government's theory of slight penetration did not substantially alter the crimes charged in the information. *See id.* Under Nevada law, "any intrusion, however slight" into the "genital ... opening[ ]" of the body of another constitutes "sexual penetration" for purposes of the offense of sexual assault under Nevada law. Nev. Rev.Stat. § 200.364. Thus, the language in the "to wit" phrase of the charging document, which described the nature of the sexual penetration involved, was not essential to the crimes for which Schiro was charged. *See United States v. Hartz*, 458 F.3d 1011, 1021 (9th Cir.2006) ("[W]e hold that the language in the indictment describing the .357 and the 9mm was surplusage, rather than an essential element of the crimes for which Hartz was charged, and that the difference between the indictment and the jury instructions was a variance that did not alter the behavior for which Hartz could be convicted."); *United States v. Garcia–Paz*, 282 F.3d 1212, 1217 (9th Cir.2002) ("[18 U.S.C. § 545] prohibits smuggling of 'merchandise.' Whether that merchandise is illegal medicine or marijuana does not matter under the statute. Thus, the phrase [in the indictment] 'to wit, marijuana' is surplusage, and does not render the jury's conviction of Garcia–Paz ... a violation of Garcia–Paz's Fifth Amendment rights." (internal citation omitted)). For these reasons, we conclude that the state court was not unreasonable

in holding that the government's evidence and arguments at trial did not constructively amend the charging document.

Likewise, the state court reasonably concluded that no variance constituting reversible error occurred because the difference has not affected Schiro's substantial rights. As an initial matter, the government's evidence and arguments at trial covered the same general facts and time frames alleged in the information. *Cf. United States v. Tsinhnahijinnie*, 112 F.3d 988, 990–92 (9th Cir.1997) (finding a fatal variance where the indictment charged the defendant with sexual abuse of a child occurring on an Indian reservation during summer of 1992, but the proof also supported a showing of abuse of the child off the reservation in 1994). Moreover, the defense's central theory, namely, that the minor child had fabricated or fantasized the entire set of events, was an appropriate defense to any theory of sexual penetration. Thus, Schiro "could anticipate the evidence that would be presented at trial, and he conducted his defense appropriately." *United States v. Antonakeas*, 255 F.3d 714, 722 (9th Cir.2001). Certainly, we cannot conclude that the state court's decision was contrary to, or an unreasonable application of, clearly established federal law.

For these reasons, the order of the District Court dismissing the petition for a writ of habeas corpus is **AFFIRMED**.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.