Charles Michael HASSINGER,
Petitioner–Appellant,

v.

Darrell ADAMS, Warden, Respondent–
Appellee.

No. 06–15445.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 11, 2007.

Filed July 23, 2007.

Stephen B. Bedrick, Esq., Oakland, CA, for Petitioner–Appellant.

Gregory A. Ott, Esq., Office of the California Attorney General, Oakland, CA, Jamie M. Weyand, Esq., Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before: HUG, RYMER and FISHER, Circuit Judges.

## MEMORANDUM *

Charles Michael Hassinger was convicted in California of six counts of lewd or lascivious acts on a child under age fourteen. The district court denied his habeas petition. We affirm.

■ The California Court of Appeal reasonably concluded that the trial court's use of California Jury Instructions 2.50.01 and

* This disposition is not appropriate for publication and is not precedent except as provided

2.50.1 did not allow the jury to convict Hassinger on proof less than a reasonable doubt. Although we decided that an earlier version of these instructions did allow a jury to convict upon finding the defendant had committed a prior uncharged sexual offense only by a preponderance of the evidence, *see Gibson v. Ortiz*, 387 F.3d 812 (9th Cir.2004), the following passage has since been added to the instructions: "[I]f you find by a preponderance of the evidence that the defendant committed a prior sexual offense, that is not sufficient by itself to prove beyond a reasonable doubt that he committed the charged crimes." California Jury Instructions 2.50.01. In *People v. Reliford*, 29 Cal.4th 1007, 130 Cal.Rptr.2d 254, 62 P.3d 601 (2003), the California Supreme Court decided that when read as a whole, there was not a reasonable likelihood that the jury interpreted the same instructions used here to authorize a conviction on less than proof beyond a reasonable doubt. *Id.* at 604–05. The state court reviewing Hassinger's claim concluded that under *Reliford*, the jury instructions did not violate Hassinger's constitutional rights. In light of the amendment to the instruction and the trial court's issuance of a proper reasonable doubt instruction after reading Instructions 2.50.01 and 2.50.1, we cannot conclude that the California Supreme Court's decision in *Reliford*—or the California Court of Appeal's application of *Reliford* here—was unreasonable. *See Middleton v. McNeil*, 541 U.S. 433, 437–38, 124 S.Ct. 1830, 158 L.Ed.2d 701 (2004) (per curiam).

■ Hassinger's other arguments are similarly unavailing. The Supreme Court has explicitly reserved the question of whether the use of propensity evidence would violate the Due Process Clause, *see*

by 9th Cir. R. 36–3.

*Estelle v. McGuire,* 502 U.S. 62, 75 n. 5, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991), and therefore the use of such evidence was not a violation of "clearly established Federal law, as determined by the Supreme Court of the United States" and cannot form the basis of habeas relief. 28 U.S.C. 2254(d)(1); *see also Alberni v. McDaniel,* 458 F.3d 860, 863–67 (9th Cir.2006). The trial court's admission of evidence seized from Hassinger's computer did not violate Hassinger's federal constitutional rights. This evidence was not exculpatory, so the state's belated disclosure of that evidence was not a violation of the rule set out in *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Nor does a defendant have a general constitutional right to notice of the evidence the state will use against him. *See Gray v. Netherland,* 518 U.S. 152, 167–68, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996). Neither was the evidence itself "so extremely unfair that its admission violates fundamental conceptions of justice." *Alberni,* 458 F.3d at 864.

■ There was no constructive amendment to the pleadings. Although the proof at trial established that Hassinger had contact with the victim named in Counts 4 and 5 over a longer time period than specified in the indictment, the charge submitted to the jury was limited to the dates specified in the indictment and there was sufficient evidence for a reasonable jury to conclude that the alleged criminal activity occurred between those specified dates. Hassinger was therefore not deprived of "a fair opportunity to defend" and suffered no prejudice from any differences in pleading and proof. *Jones v. Smith,* 231 F.3d 1227, 1233 (9th Cir.2000) (internal quotations omitted); *see also United States v. Tsinhnahijinnie,* 112 F.3d 988, 991 (9th Cir.1997).

■ Finally, Hassinger's sentence was not imposed in violation of any of his constitutional rights. There is no Supreme Court authority requiring a jury to find facts leading to the imposition of mandatory minimum sentences. *See United States v. Dare,* 425 F.3d 634, 638–41 (9th Cir. 2005). Hassinger's claim that the trial court erred in imposing his sentences consecutively rather than concurrently does not implicate the constitutional rights involved in *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and is not otherwise cognizable on habeas review, *see Cacoperdo v. Demosthenes,* 37 F.3d 504, 507 (9th Cir.1994).

AFFIRMED.