**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HECTOR CASTANEDA-MELCHOR,

Defendant - Appellant.

No. 09-50400

D.C. No. 3:08-cr-4207-LAB

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Larry Alan Burns, District Judge, Presiding

Submitted July 13, 2010[**]
Pasadena, California

Before: FARRIS and SILVERMAN, Circuit Judges, and CAMP, Senior District
Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Jack J. Camp, Senior United States District Judge for
the District of Northern Georgia, sitting by designation.

Hector Castaneda-Melchor appeals his conviction for harboring illegal aliens and for conspiracy to harbor illegal aliens. After considering his arguments and the evidence presented at trial, we affirm his conviction.

## I. Background

United States Border Patrol agents arrested Castaneda-Melchor after finding eleven illegal aliens hidden in his trailer home in Calexico, California on November 21, 2008. He was indicted on four counts of harboring illegal aliens "with the intent to violate the immigration laws of the United States," in violation of 8 U.S.C. § 1324(a)(1)(A)(iii) and (v)(II), and one count of conspiracy to harbor illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(A),(ii), (iii) and (v)(I).

At trial, four of the aliens testified that Castaneda-Melchor had hidden them in his trailer and instructed them in how to avoid detection by federal immigration authorities. Over his objection, the district court used the Ninth Circuit Pattern Instruction for the offense and instructed the jury to find the defendant guilty if it found that he had "concealed [illegal aliens] for the purpose of avoiding their detection by immigration authorities." After deliberating, the jury convicted Castaneda-Melchor of all five counts. Subsequently, the district court sentenced Castaneda-Melchor to 30 months imprisonment, followed by three years supervised release.

## II.    Defendant's Contentions

Castaneda-Melchor appeals his convictions. He argues that the jury instructions given by the district court constructively amended the indictment in his case by significantly broadening the offense charged. In the alternative, he argues that the jury instructions were a fatal variance from the indictment. Finally, he contends that this Court should vacate his conspiracy conviction if it vacates his conviction for harboring illegal aliens. We affirm his conviction for the reasons discussed below.

## III.    Analysis

This Court reviews an allegation that the district court constructively amended an indictment or permitted a variance of an indictment *de novo*. United States v. Adamson, 291 F.3d 606, 612 (9th Cir. 2002); United States v. Bhagat, 436 F.3d 1140, 1145 (9th Cir. 2006). "A constructive amendment mandates *per se* reversal, however, a variance warrants reversal only if the defendant's 'substantial rights' were affected." Bhagat, 436 F.3d at 1145 (quoting Adamson, 291 F.3d at 615).

A constructive amendment exists where "(1) there is a complex of facts presented at trial distinctly different from those set forth in the charging instrument, or (2) the crime charged in the indictment was substantially altered at

3

trial, so that it was impossible to know whether the grand jury would have indicted for the crime actually proved." United States v. Abramson, 291 F.3d 606, 615 (9th Cir. 2002) (quoting United States v. Von Stoll, 726 F.2d 584, 586 (9th Cir. 1984)).

The jury instructions did not constructively amend the indictment in this case because, according to binding precedent in this Circuit, the language contained in the indictment ("with the intent to violate the immigration laws of the United States") is synonymous with the language used in the jury instructions ("for the purpose of avoiding [the aliens'] detection by immigration authorities"). United States v. You, 382 F.3d 958, 966 (9th Cir. 2004).

In You, this Court considered an appeal by two defendants convicted of harboring illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii). Id. at 962. The district court instructed the jury that it could find the defendants guilty if it found that they had "harbored . . . [an illegal alien] for the purpose of avoiding [the alien's] detection by Immigration authorities." Id. at 963. On appeal, they argued that the jury instructions misstated the elements of § 1324 by failing to require the jury to find that the defendants had intended to violate the law. Id. at 965-66. In affirming the convictions, this Court held that the phrases "for the purpose of avoiding [the aliens'] detection" and "that the defendant intended to violate the

4

law" are interchangeable and that both phrases contain the necessary *mens rea* for a conviction under § 1324. Id.

You controls in this case, and it holds that the language used in Castaneda-Melchor's jury instruction is synonymous with the language used in the indictment. Therefore, the jury instructions did not alter the crime charged in the Castaneda-Melchor indictment. Abramson, 291 F.3d at 615; Von Stoll, 726 F.2d at 586.

In the alternative, Castaneda-Melchor argues that if the jury instructions did not constructively amend the indictment, they constituted a fatal variance from it. He contends that although the evidence may have showed that he concealed aliens for the purpose of avoiding their detection by immigration officers, no evidence was presented at trial that he intended to violate immigration laws. This semantic distinction does not help Castaneda-Melchor.

This Court has explained that a fatal variance occurs where "the evidence offered at trial proves facts materially different from those alleged in the indictment" and if the variance affects the defendant's substantial rights. Von Stoll, 726 F.2d at 586; Bhagat, 436 F.3d at 1146. Where the difference between the proof offered at trial and the events alleged in the indictment is so minor as to

5

not mislead the defendant in preparing his defense, the variance is not fatal. United States v. Tsinhnahijinnie, 112 F.3d 988, 991 (9th Cir. 1997).

The evidence offered at trial did not prove facts that are materially different from those alleged in the indictment. The evidence at trial showed that eleven illegal aliens were found hidden in Castaneda-Melchor's house, and that Castaneda-Melchor had told the aliens that they might be discovered if they looked outside. If difference exists between the evidence offered at trial and the acts charged in the indictment, it is so minor that it could not have misled the defendant in preparing for his trial. Id. Therefore, the evidence at trial was not a fatal variance from the indictment.

Finally, Castaneda-Melchor argued that, if this Court vacated his conviction for harboring illegal aliens it should also vacate his conviction for conspiracy to harbor illegal aliens. Because this Court declines to vacate the conviction for harboring illegal aliens, it need not reach Castaneda-Melchor's argument regarding his conspiracy conviction. Accordingly, this Court affirms Castaneda-Melchor's convictions for harboring illegal aliens and for conspiracy to harbor illegal aliens.

**IV.    Conclusion**

In conclusion, Castaneda-Melchor has not demonstrated that the district court's instructions to the jury constructively amended the indictment in his case.

6

Nor has he demonstrated that a fatal variance exists in his case.  Therefore, the

Court **AFFIRMS** his conviction.