
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50236 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00153-MMM-1 |
| v. | |
| RICHARD MICHAEL WELTON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Submitted June 8, 2011[**]
Pasadena, California

Before: D.W. NELSON and IKUTA, Circuit Judges, and PIERSOL, Senior
District Judge.[***]

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Lawrence L. Piersol, Senior District Judge for the U.S.
District Court for South Dakota, Sioux Falls, sitting by designation.

Richard Michael Welton appeals his conviction for possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). He argues that his conviction must be reversed because there was a variance between the indictment and the evidence presented at trial with regard to the dates on which he was alleged to have possessed child pornography. Therefore, he contends, the evidence was insufficient to convict him of the crime alleged in the indictment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"A person is entitled under the Fifth Amendment not to be held to answer for a felony except on the basis of facts which satisfied a grand jury that he should be charged." *United States v. v. Tsinhnahijinnie*, 112 F.3d 988, 992 (9th Cir. 1997). "A variance occurs when the charging terms of the indictment are left unaltered, but the evidence offered at trial proves facts materially different from those alleged in the indictment." *United States v. Gil*, 58 F.3d 1414, 1422 (9th Cir. 1995) (citations, quotation marks, and internal alterations omitted). However, to satisfy constitutional requirements, "[t]he government ordinarily need prove only that the crime occurred on a date reasonably near the one alleged in the indictment, not on the exact date." *Tsinhnahijinnie*, 112 F.3d at 991. If a variance "does not affect the substantial rights of the defendant," it is harmless error. *Id.* Where the date is not a material element of the offense, a difference between the date alleged

2

in the indictment requires no particular proof and constitutes reversible error only if it violates the principles prohibiting variances by misleading the defendant or creating a risk of double jeopardy. *Id.*

In this case, the district court did not err in convicting Welton because any variance was "not of a character which could have misled the defendant at the trial" or subjected him to a "danger of double jeopardy." *Id.* (internal quotation marks and citations omitted). Nothing in the record indicates that there was any confusion about what images were at issue. The proceedings pertained to the same images throughout, and Welton was interviewed about those images, litigated pretrial issues concerning them, and referred to them throughout the trial. Additionally, there is no risk of double jeopardy because the court made extensive factual findings that clearly covered the 95 images discovered in August 2007. Hence, there should be no confusion over the scope of Welton's conviction.

**AFFIRMED.**