**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 27 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30103 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00005-RHW-1 |
| v. | |
| RYAN SEIDEMAN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Robert H. Whaley, Senior District Judge, Presiding

Argued and Submitted June 4, 2012
Seattle, Washington

Before: SILVERMAN and MURGUIA, Circuit Judges, and GEE, District Judge.[**]

The appellant Ryan Seideman ("Seideman") was convicted of murdering

Lillian Joleen Lee and sentenced to 327 months in prison. He appeals his

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Dolly M. Gee, District Judge for the U.S. District Court for the Central District of California, sitting by designation.

conviction for second degree murder pursuant to 18 U.S.C. §§ 1111 and 1153, and his sentence.

1.      **Sufficiency of the evidence.**  Seideman claims there was insufficient evidence to support his conviction for second degree murder.  This claim is reviewed do novo.  *United States v. Odom*, 329 F.3d 1032, 1034 (9th Cir. 2003).  When reviewing a claim that there was insufficient evidence to support a conviction, the court must consider whether, "viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *United States v. Nevils*, 598 F.3d 1158, 1163-64 (9th Cir. 2010) (en banc) (internal quotations omitted).

Although largely circumstantial, the evidence presented at trial was sufficient to support Seideman's conviction for the murder.  Investigators found Seideman's semen in a condom in the bathroom sink of Lee's home, as well as two halves of an open condom wrapper beneath and beside Lee's body, placing Seideman at the scene at the time of the crime.  Seideman's DNA profile could not be excluded as part of a blood mixture on the sweatshirt the victim was wearing. Underwear found with other clothing in a bag behind Lee's apartment building contained both Seideman's and Lee's DNA, including blood belonging to

2

Seideman.  There was testimony that Seideman owned clothing similar to that found in the bag.  In addition, Seideman gave inconsistent statements to law enforcement about his dealings with Lee and denied having sexual contact with her, despite clear evidence to the contrary.  Viewed in the light most favorable to the government, there was sufficient circumstantial evidence to permit a rational trier of fact to conclude beyond a reasonable doubt that Seideman murdered Lee.

2.    **Constructive amendment.**  Seideman argues that there was constructive amendment of and material variance from the indictment.  The indictment indicated that Lee was murdered on or about March 20, 2006, but evidence at trial indicated she was murdered between March 18 and March 20, 2006.  Allegations of constructive amendment or material variance are reviewed de novo.  *United States v. Bhagat*, 436 F.3d 1140, 1145 (9th Cir. 2006).   Where the indictment states that a crime occurred "on or about" a given date, "[t]he government ordinarily need prove only that the crime occurred on a date reasonably near the one alleged in the indictment, not on the exact date." *United States v. Tsinhnahijinnie*, 112 F.3d 988, 991 (9th Cir. 1997).  March 18 and 19 are reasonably near March 20, so there was no constructive indictment or variance.

3.    **Limitation of defense.**  Seideman claims that the district court placed an unconstitutional limitation on his defense because, prior to jury selection, it

3

informed the parties that attacking law enforcement's diligence could open the door to Seideman's suppressed confession. Seideman, however, never tendered any offer of proof about what evidence he sought to introduce regarding diligence. The district court did not preclude any specific evidence or determine that any line of questioning opened the door. The right to testify and present evidence is not without limits, and it is a fact of litigation that a decision to present testimony about one issue can leave the defendant vulnerable on other issues. *Ohler v. United States*, 529 U.S. 753, 759 (2000); *McGautha v. California*, 402 U.S. 183, 215 (1971), *overruled on other grounds by Crampton v. Ohio*, 408 U.S. 941 (1972). The district court did not err by warning Seideman that certain questions suggesting that law enforcement failed to pursue other suspects could open the door to testimony about Seideman's suppressed confession. *See, e.g.*, *United States v. Cruz-Diaz*, 550 F.3d 169, 175-76 (1st Cir. 2008).

4.     **Admission of the clothing.** Seideman claims that the district court abused its discretion in admitting the clothing found in the plastic bag behind Lee's house. "The government need only make a prima facie showing of authenticity, as the rule requires only that the court admit evidence if sufficient proof has been introduced so that a reasonable juror could find in favor of authenticity . . . ." *United States v. Tank*, 200 F.3d 627, 630 (9th Cir. 2000) (internal quotation marks and alterations

omitted).  The testimony from FBI evidence control technician Aaron Hammer was sufficient to authenticate the clothing.  Although there were inconsistencies in the details provided in the inventory sheets as well as in the testimony regarding the presence or absence of FBI markings, these defects in the chain of custody go to the weight, rather than the admissibility, of the evidence.  *United States v. Matta-Ballesteros*, 71 F.3d 754, 769 (9th Cir. 1995).

5.      **Admission of photo of Seideman in a black tank top.**  Seideman argues that the district court abused its discretion in admitting a photograph of him in a black tank top, because it improperly permitted the jury to conclude that the black tank top found in a bag of clothes outside Lee's apartment belonged to him.  The fact that Seideman had worn a black tank top, when a black tank top was found in a bag near the scene of the crime, had some relevance, even if the relevance is marginal.  *See, e.g.*, *United States v. Rogers*, 769 F.2d 1418, 1426 (9th Cir. 1985); *see also United States v. Henderson*, 241 F.3d 638, 651 (9th Cir. 2000).  Given the marginal relevance of this evidence, its prejudicial effect, if any, would be slight.  *Rogers*, 769 F.2d at 1426.  The district court did not abuse its discretion in admitting the photo.

6.      **Exclusion of other suspect's failed polygraph.**  Seideman claims that the court's exclusion of evidence concerning the failed polygraph examination of

5

another suspect, August Jolley, denied him the right to pursue a complete defense in violation of the Sixth Amendment. Seideman wanted to show that the police failed to adequately pursue other suspects. The court excluded evidence that Jolley failed the polygraph pursuant to Rule 403 of the Federal Rules of Evidence, because it determined that the evidence would confuse the jury, would take too long to explain, and could be misinterpreted by the jury.

The Sixth Amendment right to present evidence can be restricted by the court's exercise of discretion under Rule 403. *See, e.g.*, *United States v. Ross*, 372 F.3d 1097, 1113 (9th Cir. 2004). This Court reviews a district court's decision to exclude polygraph evidence under Rule 403 with "considerable deference." *United States v. Cordoba*, 194 F.3d 1053, 1063 (9th Cir. 1999). Here, the court allowed Seideman to present evidence that the police gave Jolley a polygraph examination and that the results led them to conduct tests for Jolley's DNA, which turned up negative. The court did not abuse its discretion or violate Seideman's Sixth Amendment rights in excluding evidence that Jolley failed the polygraph under Rule 403.

7. **Shoe size expert.** Seideman also claims that the district court violated his Sixth Amendment rights by precluding him from filing a late notice for a shoe size expert after he received the "natural size" photos of the shoe prints from the crime

6

scene. The district court may, for cause shown, allow late filing of the notice of expert, but because Seideman missed the deadline set by the court, the decision is reviewed under the abuse of discretion standard. *United States v. Tekle*, 329 F.3d 1108, 1113 (9th Cir. 2003). As the court noted, Seideman already had comparable photos of the shoe prints that would have permitted him to conduct the analysis. Those photos included a ruler, which would permit diligent counsel to create natural size photos. The district court did not abuse its discretion or violate Seideman's Sixth Amendment rights by denying his motion to file a late notice for a shoe size expert.

8. **Improper statement by prosecutor.** Seideman also argues that an improper rebuttal argument by the government, suggesting that Seideman's objections to the admission of a belt proved the belt belonged to him, warrants a new trial. Because Seideman did not object to the statement, however, he acknowledges that this claim is reviewed under the plain error standard. Under the plain error standard, the Court will overturn a conviction because of a statement in closing arguments only where the statement "undermine[s] the fundamental fairness of the trial and contribute[s] to a miscarriage of justice." *United States v. Gwaltney*, 790 F.2d 1378, 1386 (9th Cir. 1986) (internal quotation mark omitted). These comments by the prosecutor were highly improper; Seideman has the right

7

to object to the admission of evidence without those objections being identified as evidence of his guilt. However, we agree with the district court that this isolated reference to Seideman's evidentiary objection did not affect the jury's verdict in light of the weight of the evidence.

9. **Location of a previously unavailable witness.** On appeal, Seideman argues that the district court erred in denying him a new trial on the basis that a previously unavailable witness, Samuel Brooks, had been found. This Court reviews a district court's ruling on a motion for a new trial on the ground of newly discovered evidence for abuse of discretion. *United States v. Hinkson*, 585 F.3d 1247, 1259 (9th Cir. 2009) (en banc). To prevail on a motion for a new trial, based on newly discovered evidence, a defendant must satisfy a five-part test: 1) the evidence must be newly discovered; 2) the failure to discover the evidence sooner must not be the result of a lack of diligence on the defendant's part; 3) the evidence must be material to the issues at trial; 4) the evidence must be neither cumulative nor merely impeaching and 5) the new evidence must indicate that a new trial would probably result in acquittal. *United States v. Harrington*, 410 F.3d 598, 601 (9th Cir. 2005). Again, Seideman claims that in denying him a new trial on this basis, the district court deprived him of his Fourteenth Amendment right to present witnesses. The court did not abuse its discretion in denying the motion for

8

a new trial because calling Brooks to testify was unlikely to result in acquittal for Seideman. Brooks could not offer any testimony about the events he described in his statement to the police, since he does not recall any of the information in the statement. Admitting portions of his prior statement under these circumstances would not be likely to result in an acquittal for Seideman. The district court did not err by denying Seideman a new trial on this basis.

10. **Sentencing.** Seideman argues that the district court committed a procedural error in imposing the within-Guidelines 327-month sentence he received, because the court did not reduce the sentence based on the mitigating factors Seideman presented. Sentencing decisions are reviewed for abuse of discretion. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). The district court must explain a sentencing term sufficiently to permit meaningful appellate review. *Id.* at 992. A within-Guidelines sentence, however, "ordinarily needs little explanation unless a party has requested a specific departure [and] argued that a different sentence is otherwise warranted. . . ." *Id.* Seideman received a sentence within the Guideline range. He sought a downward departure from the Guidelines due to the particularly tragic childhood he experienced and his partial fetal alcohol syndrome. The court considered the mitigating evidence he presented and acknowledged its discretion to vary the sentence on that basis, but ultimately

9

rejected it, citing the particularly heinous nature of the crime and the danger the court believed Seideman posed to society. The district court did not commit a procedural error. Seideman also claims that the district court erred because it viewed his condition and background as aggravating, rather than mitigating circumstances. There is nothing in the record to support this claim.

AFFIRMED.