**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 12 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10465 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00946-SRB-1 |
| v. | |
| EUGENE JOSEPH ESCALANTI, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Argued  August 7, 2012 Submitted August 12, 2015
San Francisco, California

Before: CALLAHAN and WATFORD, Circuit Judges, and KORMAN, Senior
District Judge.[**]

Eugene Escalanti challenges his convictions under the Major Crimes Act, 18

U.S.C. § 1153(a), for first-degree murder, felony murder, and kidnapping.  Based

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Edward R. Korman, Senior District Judge for the U.S.
District Court for the Eastern District of New York, sitting by designation.

on our recent decision in *United States v. Zepeda*, 2015 WL 4080164 (9th Cir. July 7, 2015) (en banc), we affirm the convictions.

**1.** *Zepeda* holds that proof of Indian status under § 1153(a) "requires only two things: (1) proof of some quantum of Indian blood, whether or not that blood derives from a member of a federally recognized tribe, and (2) proof of membership in, or affiliation with, a federally recognized tribe." 2015 WL 4080164, at *8. The government introduced sufficient evidence to meet both prongs of this test.

At trial, the government introduced Escalanti's tribal enrollment certificate, which shows that he is one-half San Carlos Apache, three-eighths Quechan, and one-eighth Cahuilla Band of Indians. That evidence satisfies the first prong of the test. Under *Zepeda*, the government did not need to show, for purposes of meeting the first prong, that any of the tribes mentioned in the certificate were federally recognized. *See id.* at *10.

Escalanti argues that the government failed to introduce sufficient evidence to meet the second prong of the test for Indian status because it failed to prove that he is a member of a federally recognized tribe. Whether a tribe has been federally recognized is a question of law for the court, not the jury, to determine. *Id.* at *9. We have held that the Bureau of Indian Affairs' (BIA) list of recognized tribes is

the "best source" for determining a tribe's status.  *Id*. (quoting *LaPier v. McCormick*, 986 F.2d 303, 305 (9th Cir. 1993)).  According to his tribal enrollment certificate, Escalanti is an enrolled member of the "Quechan Indian Tribe."  The "Quechan Tribe of the Fort Yuma Indian Reservation, California & Arizona" appears on the BIA's list.  *See* Indian Entities Recognized and Eligible to Receive Services from the United States Bureau of Indian Affairs, 74 Fed. Reg. 40218, 40221 (Aug. 11, 2009).  As a matter of law, then, the Quechan Tribe of the Fort Yuma Indian Reservation is a federally recognized tribe.

Although there is a slight discrepancy between the name of the tribe on the enrollment certificate and the name of the tribe that appears on the BIA's list, a rational jury could conclude that both documents refer to the same tribe, particularly in light of the geographic information on the certificate ("Fort Yuma Indian Reservation").  Although the certificate is dated July 29, 2009—ten days after the murder took place—a rational jury could also infer that Escalanti was a member of the tribe at the time of the murder.  *See United States v. Bruce*, 394 F.3d 1215, 1223–24 (9th Cir. 2005).

Escalanti argues that *Bruce* requires more than an enrollment certificate to prove Indian status.  That is not correct.  *Bruce* establishes that tribal enrollment is

sufficient, but not required, to prove Indian status.  *See id*. at 1224; *see also*

*Zepeda*, 2015 WL 4080164, at *9.

**2.**  Escalanti argues that the district court erred in instructing the jury

regarding his Indian status.  As Escalanti did not object to the instruction at trial,

we review for plain error.  *See United States v. Perez*, 116 F.3d 840, 845 (9th Cir.

1997) (en banc).  Escalanti cannot establish that the district court committed plain

error.  As discussed above, whether the Quechan Tribe is federally recognized is a

question of law, and thus the district court did not err by declining to instruct the

jury on that issue.  The district court did err in failing to instruct the jury on the

elements of the *Bruce* test, but the error does not satisfy the plain error standard.

*See id*. at 846–48.  In light of the evidence indicating that Escalanti is in fact an

enrolled member of the Quechan Tribe, the error neither affected Escalanti's

substantial rights nor seriously affected the fairness, integrity, or public reputation

of his judicial proceedings.  *See Zepeda*, 2015 WL 4080164, at *10.

**3.**  Escalanti contends that the evidence was insufficient to establish that the

murder took place on tribal land.  Viewing the record in the light most favorable to

the prosecution, *see Jackson v. Virginia*, 443 U.S. 307, 319 (1979), there was

ample evidence from which a rational jury could conclude that the murder took

place on the reservation.  Kim Baker testified that the victim, Stephen Holland, was

alive and talking when they arrived at the reservation. Baker also testified that Escalanti used a wrench to kill the victim in the same spot on the reservation where the body was ultimately found. At no point did Baker suggest that Holland died before reaching the reservation.

4. Escalanti argues that there was a constructive amendment of or fatal variance from his indictment. Escalanti's argument on this point is largely derivative of his claim that there was insufficient evidence to prove that the murder took place on the reservation. As discussed above, a rational jury could have concluded that the murder took place on the reservation, and there is no credible indication that Escalanti lacked notice of the charges against him. *See United States v. Tsinhnahijinnie*, 112 F.3d 988, 991 (9th Cir. 1997).

**AFFIRMED.**